UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Bruce Cookson, individually and on Behalf of those Similarly Situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**TOWN OF EASTBROOK individually and on behalf of those Similarly Situated,**<br><br>Defendant. | DOCKET NO. : |

**CLASS ACTION COMPLAINT**

Maine's municipalities have been extracting a heavy price if a Maine landowner is unable to pay their property or other local taxes. The municipalities take a landowner's entire property even if the property value is tens of thousands of dollars more than what is owed.  For many years, the Town of Eastbrook, Maine, and other municipalities in Maine have been unlawfully taking tens of millions of dollars from Maine property owners in this same way.

Plaintiff Bruce Cookson is a person who lost property which was worth over $40,000 because he was unable to pay $2600 in taxes. The Town of Eastbrook sold the property for $2,900. Cookson is unfortunately not alone. There are hundreds, perhaps thousands, of other Maine residents who have lost their property in the same way. Many are the poorest and most vulnerable Mainers whose only wealth was their property.

Mr. Cookson's action is on behalf of himself and all the other Maine residents who have had their property unlawfully taken as a penalty by the Town of Eastbrook, or by other municipalities in Maine. Without a class, many Maine residents who have lost their property will never be able to

recover just compensation for their properties. Without a class of the municipalities who have unlawfully imposed this penalty on Mainers, many, if not all of the municipalities who have done so, will never be held accountable, and they get to wrongfully keep the property of Mainers.

## PARTIES

1) Plaintiff is Bruce Cookson is a resident of Waltham, Maine. He is the personal representative and sole heir of the Estate of Cynthia Crosby.

2) The Plaintiff Class is defined below.

3) The Inhabitants of the Town of Eastbrook (the Town) is a municipality located in Hancock County, Maine.

4) The Defendant Class is defined below.

## JURISDICTION AND VENUE

5) Jurisdiction is proper in this Court under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). The Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

6) Venue lies in this District under 28 U.S.C. § 1391(b)(1), (2), because the Defendant is a municipality located in this District and performs its official duties in this District, and many of the events and facts giving rise to this action occurred and are occurring in this District.

## THE TAKING OF MR. COOKSON'S PROPERTY AND MAINE'S TAX LIEN MORTGAGE AND FORECLOSURE STATUTORY FRAMEWORK

7) Bruce Cookson is the sole heir and personal representative of the Estate of Cynthia Crosby.

8) Bruce Cookson and the Estate of Cynthia Crosby jointly owned a parcel of land in the Town of Eastbrook, Maine (the "Premises").

9) Cynthia and her husband bought the land. Her husband passed before Cynthia passed away leaving her interest to her estate.

10) Bruce Cookson claims an interest in the premises as the heir-at-law to his father Bruce Jordan.

11) Bruce Cookson is the personal representative and sole heir of the Estate of Cynthia Cookson.

12) Bruce Cookson did not pay property taxes owed to Eastbrook on the property in 2020, 2021, or 2022.

13) If property taxes are not paid, after a year, a municipality may attach a lien to the property to satisfy payment of the property tax debt. See 36 M.R.S. § 942.

14) Section 942 sets forth the initial steps a municipality must take to enforce a tax lien, including sending notice to the property owner and filing a tax lien certificate in the registry of deeds. *Id.*

15) The notice must state the amount of the tax, describe the real estate on which the tax is assessed, and demand payment within 30 days. *Id.*

16) If the tax is not paid within that time, the municipality may file a tax lien certificate, which creates a tax lien mortgage on the property and the property owner then has 18 months to redeem the property. See 36 M.R.S. § 943.

17) If the tax, interest, and costs that are owed under the tax lien are paid within the 18-month period of redemption, then the tax lien mortgage is discharged in the same manner as any other real estate mortgage. *Id.*

18) However, if the tax, interest, and costs under the tax lien are not paid within 18 months of the tax lien mortgage being recorded, then the "tax lien mortgage shall be deemed to have been foreclosed and the right of redemption to have expired." *Id.* Any equity over and above the tax, interest, and costs is lost.

19) Once foreclosed, and the town has taken the property, there are no rules. There is no obligation to sell the property in a commercially reasonable matter or to pay any excess proceeds to the property owner. *Id.*

20) Until very recently, under the Maine statutory scheme, the property is owned by the town and the town may sell the property, keep the property, or give the property away. *Id.*

21) The property owner's interests, including their equity over and above the amounts owed for taxes are, as far as the State is concerned, extinguished by the foreclosure. *Id.*

22) Mr. Cookson fell behind on his property taxes due for 2020. On February 24, 2021, the Tax Collector for the Town of Eastbrook, acting under color of state law, caused a tax lien for $856.13 in unpaid taxes and fees to be attached against the Premises in a lien recorded in the Hancock County Registry of Deeds at *Book 7099, Page 411*.

23) On August 31, 2021, the Tax Collector for the Town of Eastbrook, acting under color of state law, caused a tax lien for an additional $855.03 in unpaid taxes and fees against the Premises in a lien recorded in the Hancock County Registry of Deeds at *Book 7150, Page 145*.

24) On August 29, 2022, the Tax Collector for the Town of Eastbrook, acting under color of state law, caused a tax lien for an additional $775.16 in unpaid taxes and fees against the Premises in a lien recorded in the Hancock County Registry of Deeds at *Book 7227, Page 783*.

25) Pursuant to one or more of the tax liens recorded against the Premises, the Town followed the procedures outlined in 36 M.R.S. §§ 942-43, and foreclosed on the Premises and took title to the Premises sometime before November 15, 2022.

26) On or around November 15, 2022, the town of Eastbrook conveyed the Premises to Stephen A. Fernald by a deed signed by the three then-serving selectmen of the Town of Eastbrook and recorded in the Hancock County, Maine Registry of Deeds in Book 7242 Page 843.

27) In November, 2022, Mr. Fernald served eviction papers on Mr. Cookson and his wife Tanya seeking to evict them from their home, the Premises. They left later that month believing they had no choice but to leave.

28) Mr. Fernald bought the Cookson family home for far less than the fair market value. On information and belief, he paid $2,900 and learned of the property being available for sale because he was friends with town officials.

29) The Town did not list the property with a licensed realtor.

30) The Town did not sell the property in a commercially reasonable manner.

31) At the time of sale, the town of Eastbrook claimed that Mr. Cookson owed approximately $2,600 in property taxes, fees, and interest.

32) The Town of Eastbrook assessed the value of the Premises at $37,300, in its 2021 Tax Commitment Book.

33) The fair market value of the Premises was significantly higher than $37,300.

34) Mr. Cookson has been deprived of property without just compensation by the Town of Eastbrook.

35) The measure of what is "just compensation" for property the government takes from its citizens is the "full monetary equivalent of the property taken" by the government. *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473-74 (1973); *Vogelstein & Co. v. United States*, 262 U.S. 337, 340 (1923).

36) Here the Town of Eastbrook was owed about $2600 but took property worth 14 times that amount without giving Bruce Cookson anything.

37) Mr. Cookson is but one of hundreds of Maine citizens this has happened to, and the practice has been held to be unconstitutional. *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631, 635, 143 S. Ct. 1369, 1373, 215 L. Ed. 2d 564 (2023)

## CLASS ALLEGATIONS

38) The practice of the Maine Municipalities at the heart of the claims in this action do not differ between the landowners such as the Plaintiff who have lost their property for amounts owed that are less than the value of their property or the actions of Maine Municipalities such as the Defendant who have taken the property of landowners over what they are owed.

39) For these reasons, the Plaintiff seeks the Court to certify both a Class of Plaintiffs and a Class of Defendants to allow the issues to be resolved in a single proceeding rather than repetitive cases that raise the same issue again and again.

40) Pursuant to Rule 23, the Plaintiff seeks the certification of the following classes:

   a. A Plaintiff Class consisting of all Persons, their heirs and successors, who held a non-contingent interest in Maine real estate at the time that property was foreclosed pursuant to 36 M.R.S.A. § 943 by a member of the Defendant Class during the applicable limitations period.

   b. A Defendant Class consisting of Municipalities of the State of Maine, acting under the powers granted by 36 M.R.S.A. § 942-943, which have (i) taken title to real property from a member of the Plaintiff Class for payment of taxes or other amounts claimed to be owed; and (ii) the fair market value of the property exceeded the amounts claimed to be owed.

41) Excluded from Plaintiff Class are the members of this Court and any staff members of this Court.

42) Excluded from the Defendant Class are the Inhabitants of the Town of Stonington and the Inhabitants of the Town of Blue Hill.

THE PLAINTIFF CLASS MEETS THE REQUIREMENTS OF RULE 23

43) The Plaintiff Class includes the poorest and most vulnerable Mainers, and the actions of the Defendant Class strip these most vulnerable Mainers of their only wealth.

44) The Plaintiff Class meets the requirements of Rule 23(a) commonly referred to as numerosity, commonality, typicality and adequacy as set forth below.

45) The Plaintiff Class is so numerous that joinder of all members is impracticable as there are hundreds, if not thousands, of class members.

46) There are common questions for the claims of the Plaintiff Class against the Defendant Class, including:

   a. Whether the Defendant Class, by taking the property from the Plaintiff class, as alleged, have taken property in violation of the 5th Amendment of the United States Constitution or the Maine Constitution?

   b. Whether the Defendant Class has violated the rights of the Plaintiff Class by unlawful takings and/or by imposing excessive fines in violation of the 8th Amendment of the United States Constitution?

47) Plaintiffs' claims are typical of the claims asserted on behalf of the Plaintiff Class. The only difference between members of the Plaintiff Class is the amount of damages that they may be entitled to recover from the Defendant and Defendant Class.

48) Plaintiff will fairly and adequately protect the interests of the Plaintiff Class and has retained competent and experienced counsel to serve as Class Counsel.

49) The Plaintiff Class can be certified under Rule 23(b)(2) and (b)(3).

50) The Plaintiff Class can be certified under Rule 23(b)(2) since the Defendant Class have acted uniformly under the same laws in taking the property from the Plaintiff Class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Plaintiff Class as a whole.

51) The Plaintiff Class can be certified under Rule 23(b)(3) because the requirements of predominance and superiority are met.

52) The common questions concerning the constitutionality of the actions of the Defendant Class are also the predominant issues in the case.

53) A class action is superior in this instance because:

    a. there is currently little if any litigation concerning the practices of Defendant Class that have taken the property of so many Mainers;

    b. This forum is desirable for adjudicating these claims involving federal questions;

    c. The transactions at issue involve documentary evidence and there is no greater difficult in managing the action than any other classes that have been certified. After resolving the issues common to all class members issues of individual damages could be resolved through consistent and objective means, such as appraisal, to determine the fair market value and provide the measure of the damages.

    d. There is no indication that individuals want to control the prosecution of their claims and without a class, it is likely that many will never have their rights vindicated since many will not have the resources to prosecute their own cases.

## THE DEFENDANT CLASS MEETS THE REQUIREMENTS OF RULE 23

54) The Defendant Class is so numerous that joinder of all members is impracticable as there are hundreds of class members. Municipalities throughout Maine are in the Defendant Class.

55) The common questions for the Defendants Class mirror the common questions identified for the Plaintiff Class.

56) The claims against the Defendant are typical of the claims against members of the Defendant Class. The only difference between members of the Plaintiff Class is the amount of damages that they may owe to the Plaintiffs Class.

57) The Defendant will fairly and adequately protect the interests of the Defendant Class, having the same interests at stake, and upon information and belief, will retain competent and experienced counsel to serve as Class Counsel.

58) The Defendant Class can be certified under Rule 23(b)(2) and (b)(3).

59) The Defendant and Defendant Class member have acted uniformly and their actions can be made subject to final injunctive relief or corresponding declaratory relief is appropriate respecting the Defendant Class as a whole.

60) The Defendant Class can be certified under Rule 23(b)(3) because the requirements of predominance and superiority are met.

61) The common questions concerning the constitutionality of the actions of the Defendant Class are also the predominant issues in the case.

62) A class action is superior in this instance because:

    a. there is currently little if any litigation by Defendants concerning the legality of their actions;

    b. This forum is desirable for adjudicating these claims involving federal questions;

    c. The transactions at issue involve documentary evidence and there is no greater difficult in managing the action than any other classes that have been certified;

    d. There is no indication that members of the Defendant Class want to control the defense of their claims.

## COUNT I

## TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE UNITED STATES CONSTITUTION

63) The Plaintiff repeats the allegations in the previous Paragraphs.

64) The Takings Clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment, and provides that "private property [shall not] be taken for public use, without just compensation." U. S. Const., Amd. 5.

65) Mr. Cookson's home and the land owned by members of the Plaintiff Class are property under the meaning given that term in the Fifth Amendment.

66) Mr. Cookson's equity in his home and the equity of the members of the Plaintiff Class is property protected by the United States Constitution.

67) At all applicable times, the Town of Eastbrook and the members of the Defendant Class have been acting under color of state law.

68) Eastbrook, by taking Mr. Cookson's equity, has taken private property without just compensation in violation of the Fifth and Fourteenth Amendments giving rise to liability under 42 U.S.C. § 1983.

69) The Defendant Class, by taking the equity from the property of the members of the Plaintiff Class, has taken private property without just compensation in violation of the Fifth and Fourteenth Amendments, giving rise to liability under 42 U.S.C. § 1983.

70) The 14th Amendment to the United States Constitution makes the Fifth Amendment applicable to States. It provides, in pertinent part, that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U. S. Const., Amd. 14.

71) Despite these constitutional protections, Eastbrook took Mr. Cookson's equity in his property in an amount greater than the unpaid real property taxes.

72) Despite these constitutional protections, the Defendant Class Members took the Plaintiff's Class Members' equity in their property in an amount greater than the unpaid real property taxes.

73) The Defendant Class has kept property of the members of the Plaintiff Class in violation of the 5th and 14th Amendments.

74) Maine property owners, including Mr. Cookson and the Plaintiff Class, are entitled to the "full monetary equivalent of the property taken" by the government. *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473-74 (1973); *Vogelstein & Co. v. United States*, 262 U.S. 337, 340 (1923).

75) The Town of Eastbrook and the Defendant Class have refused and failed to pay Mr. Cookson and the Plaintiff Class the difference between the fair market value of their property and their tax debt.

76) By exercising dominion over the property of Plaintiff and members of the Plaintiff Class, Eastbrook has taken the private property of Plaintiff without just compensation.

77) By exercising dominion over the property of members of the Plaintiff Class, the Defendant Class has taken the private property of the Plaintiff Class Members without just compensation.

78) The Plaintiff Class is entitled to a declaration that the actions of the Defendant Class described above are unconstitutional.

79) The Defendant Class is likely to continue to take property from others without just compensation, as there are no adequate safeguards under the law.

80) Injunctive relief is appropriate to enjoin the Defendant and the Defendant Class members.

WHEREFORE, the Plaintiff asks this Honorable Court to:

a. Certify the proposed Plaintiff Class, appoint the Plaintiff as class representative and his counsel as Class counsel;

b. Certify the proposed Defendant Class, appoint the Defendant as class representative and the Defendant's counsel;

c. Declare the Defendant and the Defendant Class have unlawfully engaged in taking property without just compensation in violation of the 5th Amendment of the United States Constitution;

d. Grant appropriate injunctive relief;

e. Determine the amount of damages to the Plaintiff and the Plaintiff Class;

f. Enter judgment against the Defendant and the Defendant Class;

g. Award the Plaintiff and the Plaintiff Class their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1983; and

h.  Grant such and other further relief that the Plaintiff and Class may be entitled to against Defendant and the Defendant Class.

## COUNT II

## TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE MAINE CONSTITUTION

81) The Plaintiff realleges the allegations in the previous Paragraphs.

82) The Constitution of the State of Maine, Article I § 21 prohibits takings without just compensation, saying "private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it."

83) The Defendant has taken the Plaintiff's property without just compensation under the Maine State Constitution.

84) The Defendant is likely to continue to take property from others without just compensation under Maine's statute that permits it to take possession of property, sell it, and keep sale proceeds that are more than the amounts owed to it, because the safeguards created under 36 M.S.R.A. § 932-C are insufficient to protect Maine property owners.

85) The Defendant Class is likely to continue to take property from the Plaintiff Class without just compensation, in violation of the State Constitution under Maine's statutes that permits them to take possession of property, sell it and keep sale proceeds that are more than the amounts owed to it because the safeguards created under 36 M.S.R.A. § 932-C are insufficient to protect Maine property owners.

WHEREFORE, the Plaintiff asks this Honorable Court to:

a. Certify the proposed Plaintiff Class, appoint the Plaintiff as class representative and his counsel as Class counsel;

b. Certify the proposed Defendant Class, appoint the Defendant as class representative and the Defendant's counsel;

c. Declare the Defendant and the Defendant Class have unlawfully engaged in taking property without just compensation in violation of the Maine Constitution;

d. Grant appropriate injunctive relief;

e. Determine the amount of damages to the Plaintiff and the Plaintiff Class;

f. Enter judgment against the Defendant and the Defendant Class;

g. Award the Plaintiff and the Class their reasonable attorneys' fees and costs as allowed by law; and

h. Grant such and other further relief that the Plaintiff and Plaintiff Class may be entitled to against Defendant and the Defendant Class.

## COUNT III

## EXCESSIVE FINES IN VIOLATION OF THE UNITED STATES CONSTITUTION

86) The Plaintiff realleges the allegations in the previous Paragraphs.

87) The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

88) Confiscating the entire value of the property owned by Plaintiff and the Plaintiff Class members in excess of the amount owed for taxes is an excessive fine barred by the Eighth Amendment to the United States Constitution.

89) Defendant and the Defendant Class are assessing and collecting prohibited excessive fines.

90) Plaintiff and Plaintiff Class members have no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

91) When Defendant and the Defendant Class take property in excess of the amounts owed to them for unpaid taxes the Defendant and the Defendant Class are imposing monetary punishments upon the Plaintiff and the Plaintiff Class which are grossly disproportionate to the wrong they seek to deter and/or punish.

92) Taking the property of the Plaintiff and members of the Plaintiff Class in excess of the amounts owed for real estate taxes is an excessive fine under the Eighth Amendment to the United States Constitution.

93) Plaintiff and the Class have been injured and damaged by the unlawful excessive fines under the Eighth Amendment to the United States Constitution and are entitled to compensation and other relief as a result.

WHEREFORE, the Plaintiff asks this Honorable Court to:

    a. Certify the proposed Plaintiff Class, appoint the Plaintiff as class representative and his counsel as Class counsel;

    b. Certify the proposed Defendant Class, appoint the Defendant as class representative and the Defendant's counsel;

    c. Declare the Defendant and the Defendant Class have unlawfully imposed excessive penalties in violation of the United States Constitution;

    d. Grant appropriate injunctive relief;

    e. Determine the amount of damages to the Plaintiff and the Plaintiff Class;

    f. Enter judgment against the Defendant and the Defendant Class;

    g.  Award the Plaintiff and the Plaintiff Class their reasonable attorneys' fees and costs as allowed by law; and

    h.  Grant such and other further relief that the Plaintiff and Plaintiff Class may be entitled to against Defendant and the Defendant Class.

## COUNT IV
## EXCESSIVE FINES IN VIOLATION OF THE MAINE CONSTITUTION

94) The Plaintiff realleges the allegations in the previous Paragraphs.

95) Article I, Section 9 of the Maine Constitution prohibits the imposition of excessive fines.

96) Confiscating the entire value of the property owned by Plaintiff and the Plaintiff Class members in excess of the amount owed for taxes is an excessive fine barred by the Maine Constitution.

97) Defendant and the Defendant Class are assessing and collecting prohibited excessive fines.

98) Plaintiff and Plaintiff Class members have no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

99) When Defendant and the Defendant Class take property in excess of the amounts owed to them for unpaid taxes the Defendant and the Defendant Class are imposing monetary punishments upon the Plaintiff and the Plaintiff Class which are grossly disproportionate to the wrong they seek to deter and/or punish.

100) Taking the property of the Plaintiff and members of the Plaintiff Class in excess of the amounts owed for real estate taxes is an excessive fine under Article I, Section 9 of the Maine Constitution.

101) Plaintiff and the Class have been injured and damaged by the unlawful excessive fines under the Maine Constitution, and are entitled to compensation and other relief as a result.

WHEREFORE, the Plaintiff asks this Honorable Court to:

a. Certify the proposed Plaintiff Class, appoint the Plaintiff as class representative and his counsel as Class counsel;

b. Certify the proposed Defendant Class, appoint the Defendant as class representative and the Defendant's counsel;

c. Declare the Defendant and the Defendant Class have unlawfully imposed excessive penalties in violation of the Maine Constitution;

d. Grant appropriate injunctive relief;

e. Determine the amount of damages to the Plaintiff and the Plaintiff Class;

f. Enter judgment against the Defendant and the Defendant Class;

g. Award the Plaintiff and the Plaintiff Class their reasonable attorneys' fees and costs as allowed by law; and

h. Grant such and other further relief that the Plaintiff and Plaintiff Class may be entitled to against Defendant and the Defendant Class.

JURY TRIAL DEMANDED

Dated: April 22, 2024                    /s/ John Z. Steed
                                         John Z. Steed, Bar #5399
                                         Island Justice
                                         P.O. Box 711
                                         Stonington, ME 04681
                                         (207) 200-7077
                                         john@islandjusticelaw.com